UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Chang Soo Han on behalf of himself and all others similarly situated,<br><br>                           Plaintiff,<br>      v.<br><br>Madison Avenue Realties, LLC and Edward Eden,<br><br>                     Defendants, | Index No. 22-CV-382<br><br><br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff, Chang Soo Han, on behalf of himself and all others similarly situated, through his attorneys, for his Complaint against Madison Avenue Realties, LLC. and Edward Eden (collectively "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.          This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to pay overtime compensation to Plaintiff.

2.          During the course of his employment by Defendants, Plaintiff regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants never compensated Plaintiff with a spread of hours pay nor overtime premium. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional.

3.          Defendants failed to compensate Plaintiff and all others similarly situated at the statutorily overtime wage and spread of hours pay as required by law.

## THE PARTIES

1

4.        Plaintiff is at all times relevant hereto an employee of Defendants.

5.        Plaintiff is at all times relevant hereto an individual employed in the State of New York by Defendants.

6.        Plaintiff at all times relevant hereto resided in the State of New York.

7.        Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

8.        Plaintiff is filing this FLSA claim on behalf of himself and all other similarly situated Plaintiffs.

9.        Plaintiff worked as a building maintenance worker throughout his time employed by Defendants.

10.       For the period commencing on or about January 2000 until August 31, 2019, Plaintiff Chang Soo Han regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

11.       Plaintiff regularly started his work at 7:30 a.m. and ended at around 4:00~10 p.m. for 6 to 7 days per week.

12.       On Mondays, Plaintiff worked until 10:00 p.m. His maintenance work ended at 4 p.m. but he needed to do as a night guard until 10 p.m.

13.       On Tuesdays, Plaintiff worked until 10 p.m. once every three weeks.

14.       When there were construction jobs to remodel units, Plaintiff needed to work until 9 -10 p.m. and work even on Sundays too.

15.       He regularly worked more than 8 hours a day and more than 50 hours per week.

2

16.     Plaintiff was paid his hours at a straight hourly rate without overtime compensation or spread of hours pay.

17.     Plaintiff performed for Defendants the said hours work as an expressed condition of his continued employment.

18.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

19.     Plaintiff performed manual labor for Defendants.

20.     His primary duties are including maintaining, repairing, carpentry, painting, locksmith, plumbing and electrical, etc.

21.     Plaintiff was assigned to the said manual labor by Defendants.

22.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

23.     Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

24.     Plaintiff was required to report to work for Defendants at a certain time.

25.     Plaintiff could not set his own hours of work for Defendants.

26.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

27.     Defendant Edward Eden ("Eden") is and was at all relevant times hereto engaged in the business of building management company.

28.     Defendant Eden is and was at all relevant times hereto engaged in interstate commerce.

29.     Defendant Eden managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

30.     Defendant Eden participated in and approved of the unlawful pay practices of the business Madison Avenue Realties, LLC.

31.     Defendant Eden was involved in assigning work to Plaintiff.

32.     Defendant Eden had the power and authority to discipline Plaintiff.

33.     Defendant Eden exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

34.     Defendant Eden hired Plaintiff.

35.     Defendant Eden was in charge of paying employees.

36.     Defendant Eden told Plaintiff where to work and when to work.

37.     Defendants employed Plaintiff to do work for them in the State of New York.

38.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

39.     Defendants provided the tools and equipment and materials for Plaintiff to do his job for Defendants.

40.     Defendants held Plaintiff out as an employee.

41.     Defendants employed and paid Plaintiff as their employee.

42.     Defendants are employers within the meaning of the term as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

43.     Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

44.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

45.     No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

46.     Defendants failed to pay Plaintiff the overtime premium for all hours worked in excess of 40 hours per workweek.

47.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

48.      Madison Avenue Realties, LLC. is a New York corporation is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

49.     Upon information and belief, Madison Avenue Realties, LLC. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

50.     Upon information and belief, Madison Avenue Realties, LLC., at all relevant times, was an employer as defined by FLSA and NYLL.

51.     Defendant Eden is the President of Madison Avenue Realties, LLC.

## JURISDICTION

52.     This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C.

§ 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over

Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

53.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391, as New York Meat, Inc. and Picnic World Corp are incorporated and located in

the Southern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

54.     The claims in this Complaint arising out of the FLSA are brought by the

Plaintiff on behalf of himself and all similarly situated non-exempt employees (i.e. delivery,

driver, meat cutter, cashier, marketing, and accounting clerks) who work or have worked at

New York Meat and Picnic World within three years of the date of the filing of this action

and who elect to opt-in to this action (the "FLSA Collective").

55.     The FLSA Collective consists of approximately one hundred similarly situated

current and former non-exempt employees of New York Meat and Picnic World, who have

been victims of defendants' common policy and practices that have violated their rights under

the FLSA by, inter alia, willfully denying them overtime pay and other monies.

56.     The FLSA Collective consists of employees who, during their employment at

New York Meat and Picnic World, worked as non-exempt employees.

57.     As part of their regular business practices, defendants have intentionally,

willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging

in a pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This

policy and pattern or practice include, inter alia:

   a.  failing to pay employees the proper overtime pay for all hours worked over
       forty;

   b.  failing to pay non-exempt employees one hour's pay at the minimum hourly
       wage rate for each day during which employees worked more than ten hours;

   c.  failing to keep accurate records of hours worked by employees as required by
       the FLSA and the New York Labor Law.

   58.    The FLSA Collective would benefit from the issuance of a court-supervised

notice of the present lawsuit and the opportunity to join the present lawsuit. Those

similarly situated employees are known to defendants, are readily identifiable by

defendants, and are locatable through defendants' records. These similarly situated

employees should be notified of and allowed to opt in to this action, pursuant to 29

U.S.C. § 216(b).

### FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

   59.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth

herein.

   60.    Defendants are required to pay Plaintiff and the FLSA Collective one and one-

half (1 ½ ) times the regular rate at which Plaintiff was employed for all hours worked in

excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the

FLSA, 29 U.S.C. § 207, et seq.

   61.    Defendants have failed to pay Plaintiff and the FLSA Collective the overtime

wages to which they are entitled under the FLSA.

62.      Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

63.      Due to the defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SECOND CLAIM
### (New York Labor Law- Unpaid Overtime)

64.      Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

65.      Under the New York Labor Law and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiff and collective members one and one half (1 ½ ) times the regular rate of pay for all hours they worked in excess of forty.

66.      Defendants have failed to pay Plaintiff and the collective members the overtime wages to which they were entitled under the New York Labor Law.

67.      Defendants have willfully violated the New York Labor Law by knowingly and intentionally failing to pay Plaintiff and the collective members overtime wages.

68.      Due to the defendants' willful violations of the New York Labor Law, Plaintiff and the collective members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

69.      Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

70.     Defendants willfully failed to pay Plaintiff the additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

71.     By defendants' failure to pay Plaintiff the spread-of hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

72.     Due to the defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
### (New York Labor Law - Wage Theft Prevention Act)

73.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

74.     Defendants failed to furnish to Plaintiff at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2019, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

9

75.     Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of the employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

76.     Due to the defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

77.     Due to the defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from the defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a)  declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b)  declaring that defendants have violated the spread-of-hours provisions of the NYLL;

c)  declaring that defendants' violations of the FLSA and NYLL were willful;

d)  awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

e)  awarding Plaintiff damages for unpaid spread-of-hours pay;

f)  awarding plaintiff and the FLSA Collective, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

g)  awarding plaintiff and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

h)  awarding plaintiff and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

i)  awarding plaintiff and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

j)  awarding plaintiff and the FLSA Collective, the reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

k)  awarding such other and further relief as the Court deems just and proper.

### JURY TRIAL

A jury trial is demanded on all Counts.

Dated: January 14, 2022

         /s/ Ryan Kim
        Ryan J. Kim

        Ryan J. Kim, Esq.
        Ryan Kim Law, P.C.
        222 Bruce Reynolds Blvd. Suite 490
        Fort Lee, NJ 07024
        ryan@RyanKimLaw.com