```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CHANG SOO HAN on behalf of himself and all others                :
similarly situated,                                              :
                                                                 :
                                    Plaintiff,                   :      22-cv-382 (LJL)
                                                                 :
                -v-                                              :      OPINION AND ORDER
                                                                 :
MADISON AVENUE REALTIES, LLC, EDWARD                             :
EDEN,                                                            :
                                                                 :
                                    Defendants.                  :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/8/2022__

LEWIS J. LIMAN, United States District Judge:

Plaintiff Chang Soo Han ("Plaintiff" or "Han") brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL") against defendants Madison Avenue Realties, LLC ("Madison Avenue Realties") and its president Edward Eden ("Eden," and together with Madison Avenue Realties, "Defendants"). Dkt. No. 1. Han now moves, pursuant to 29 U.S.C. § 216(b), for conditional certification of this case as a collective action on behalf of all non-exempt building maintenance employees of Madison Avenue Realties. Dkt. No. 19. Plaintiff also moves for (1) approval of his proposed notice of action and consent form as well as approval of the posting of the notice, along with consent forms, in Defendants' office location where proposed members of the collective are employed, (2) equitable tolling of the FLSA statute of limitations, and (3) discovery of the names, social security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and telephone numbers of members of the proposed collective. *Id.* at 1–2.

## BACKGROUND

Unless otherwise indicated, the following facts are drawn from Han's complaint (the "Complaint"). Han was employed by Defendants as a building maintenance worker from about January 2000 until about August 31, 2019. Dkt. No. 1 ¶¶ 9–10. Madison Avenue Realties is a New York corporation and, upon information and belief, was at all relevant times an "employer" as defined by the FLSA and the NYLL; and Eden is the President of Madison Avenue Realties. *Id.* ¶¶ 48–51. Han was assigned to perform manual labor, and his primary duties included "maintaining, repairing, carpentry, painting, locksmith, plumbing and electrical." *Id.* ¶ 20. During the time he worked for Defendants, Han regularly and customarily worked in excess of ten hours per day and forty hours per week. *Id.* ¶ 10; *see also id.* ¶ 15 (alleging that Han "regularly worked more than 8 hours a day and more than 50 hours per week"). He was paid his hours at a straight hourly rate without overtime compensation or spread-of-hours pay. *Id.* ¶¶ 16, 18.

## PROCEDURAL HISTORY

On January 14, 2022, Han filed suit against Madison Avenue Realties and Eden, alleging claims under the FLSA for unpaid overtime, and under the NYLL for unpaid overtime, spread-of-hours pay, and the failure to deliver the wage statement required by the Wage Theft Prevention Act.[1] Dkt. No. 1 ¶¶ 59–77.

On May 4, 2022, Plaintiff this motion for certification of the FLSA claims as a collective action, along with a memorandum of law in support of the motion. Dkt. Nos. 19, 20. On May

---

[1] The Complaint purports to bring claims on behalf of a collective of "all similarly situated non-exempt employees (i.e. delivery, driver, meat cutter, cashier, marketing, and accounting clerks) who work or have worked at New York Meat and Picnic World." *Id.* 54. Plaintiff has leave to file a corrected complaint identifying the collective with the language set forth in the motion for conditional certification within seven days of the date of this Order.

25, 2022, Defendants filed a memorandum of law in opposition to the motion.  Dkt. No. 25.  Plaintiff has not filed a reply memorandum despite being ordered by the Court to do so by July 6, 2022 on pain that if he did not, the Court would consider the motion on the papers submitted.  Dkt. No. 26.

## DISCUSSION

Plaintiff moves for conditional certification of this case as a FLSA collective action on behalf of all non-exempt building maintenance employees of Madison Avenue Realties.  Dkt. Nos. 19, 20.  He argues that he and each of the proposed members of the collective action were subject to the same compensation scheme pursuant to which he and his co-workers were not paid their overtime compensation for hours in excess of forty per work week.  Dkt. No. 20 at 3, 7.  The motion is supported by Han's declaration.  Dkt. No. 20-3.  Han identifies seven building maintenance workers who performed the same type of work he did and with whom he regularly spoke about "wages and work," including five of whom are identified only by first name.  *Id.* ¶ 2.  He declares that he regularly talked to his co-workers "about our pay and how we were not getting paid overtime compensation for the hours in access [sic] of 40 hours per workweek." *Id.* ¶ 3.  He states that, based on his "personal observations and conversations, other employees . . . were treated the same way" he was treated, *id.* ¶ 4, and that he remembers talking to other employees and that they also did not receive a spread-of-hours premium for workdays that exceeded ten hours and did not receive wage and hour notices, *id.* ¶¶ 6–7.

Defendants oppose the motion.  They argue that Plaintiff has failed to satisfy the standards under Section 216(b) for conditional certification.  They also argue that, assuming the Court certifies a collective, it should be limited to those who hold Plaintiff's job title of building superintendent and who regularly worked at Defendants' 240 Madison Avenue location, that the period of the collective should be limited to two years, that the Court should either adopt

Defendants' proposed notice or order the parties to meet and confer on a notice, and that equitable tolling on a collective-wide basis is not warranted in this case. Dkt. No. 25.

The standards by which to measure Plaintiff's motion are set by Section 216(b) of the FLSA and the cases interpreting that provision. Section 216(b) permits an employee aggrieved by a violation of the statute to maintain an action against any employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). It follows from that language that district courts have the authority to certify a FLSA lawsuit for collective action on a conditional basis. "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 70 n.1 (2013) (characterizing Section 216(b) as a "joinder process"). "[D]istrict courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs." *Hoffman-La Roche*, 493 U.S. at 169; *see also Ruiz v. Truffa Pizzeria & Wine Room Corp.*, 2021 WL 568249, at *3 (S.D.N.Y. Feb. 15, 2021).

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under FLSA. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). In the first step, a court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs." *Id.* at 555. The plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann*

4

*v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  Mere "'unsupported assertions'" are not sufficient to pass the first step, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine whether similarly situated plaintiffs do in fact exist." *Id.* (emphasis and internal quotation marks omitted) (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)).  If the Court determines that "similarly situated" employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action. *See Cunningham v. Elec. Data Sys. Corp.*, 2010 WL 5076703, at *5 (S.D.N.Y. Dec. 13, 2010); *see also Lynch v. U.S. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").  At the second step, after discovery is completed, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.  "The action may be 'decertified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*  The "similarly situated" analysis is "quite distinct" from "the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Id.* at 556.

      Plaintiff's burden at the conditional certification stage is "minimal."  *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013) (Sullivan, J.).  "Plaintiffs can meet this burden by showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Myers*, 624 F.3d at 555).  Where the plaintiff puts forth evidence that her own labor law rights were violated and that

5

a representative number of other employees had their rights violated, she has made a sufficient showing to satisfy the "modest" burden under *Myers*. *See, e.g.*, *Cheng v. Via Quadronno LLC*, 2021 WL 4319569, at *3 (S.D.N.Y. Sept. 23, 2021) (explaining that "[a] single affidavit from a named plaintiff is enough to make th[e] [*Myers*] showing"); *Hernandez v. NGM Mgmt. Grp. LLC*, 2013 WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013) (holding that the "personal observations of one plaintiff's affidavit" are "sufficient to make the modest factual showing necessary to conditionally certify [a] class"); *Wraga v. Marble Lite, Inc.*, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) ("Courts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.").

This Court and others have held that *Myers* is satisfied by "hearsay statements" that other employees are victims of a common policy as well as by the plaintiff's observations. *Ruiz*, 2021 WL 568249, at *4; *see also Mendoza v. Ashiya Sushi 5, Inc.*, 2013 WL 5211839, at *5–6 (S.D.N.Y. Nov. 25, 2013) (granting conditional certification based on affidavit of plaintiff's observations and conversations with others and observing "'courts regularly rely on ... hearsay statements in determining the propriety of sending notice' in FLSA conditional collective action certifications" (quoting *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012)); *Liping Dai v. Lychee House, Inc.*, 2018 WL 4360772, at *8 (S.D.N.Y. Aug. 29, 2018) (holding that an attestation by plaintiffs of their observations and coworkers' complaints is sufficient to support conditional certification and citing cases); *Martinenko v. 212 Steakhouse Inc.*, 2022 WL 1227140, at *4 (S.D.N.Y. Apr. 26, 2022).

There is no requirement that there be an affidavit from another employee for an action to be conditionally certified and notice to be authorized. It is precisely to inform potentially

similarly situated employees that their rights may have been violated and that there is a legal action they might join that FLSA permits conditional certification and the authorization of notice. If all (or a substantial number) of the similarly situated employees knew enough of the action to submit a declaration, there would be little need for the notice authorized by Section 216(b). "The requirement Defendants propose, if adopted, would obviate the advantages of § 216(b) notice, as it would require FLSA plaintiffs to locate and identify additional plaintiffs in advance of certification." *Ruiz*, 2021 WL 568249, at *4 (quoting *Mendoza*, 2013 WL 5211839, at *6).

However, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs. LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011). For example, "[c]ourts have declined to [grant conditional certification] where named plaintiffs present only conclusory allegations that similarly situated employees exist." *Huer Huang v. Shanghai City Corp*, 2020 WL 5849099, at *9 (S.D.N.Y. Oct. 1, 2020), *clarified on denial of reconsideration sub nom. Huang v. Shanghai City Corp*, 2020 WL 6136186 (S.D.N.Y. Oct. 19, 2020). In *Khan*, for example, the court refused to conditionally certify a collective where the primary evidence submitted on behalf of plaintiff was his own declaration that he knew of others who were not paid overtime because he had spoken to those employees. *Id.* at *3. The court noted that plaintiff's assertion that others were similarly situated was contradicted, in some instances, by the declarations of the persons plaintiff had identified and were conclusory. *Id.* at *4.

Plaintiff's motion satisfies the standards for conditional certification at this early stage. He states under oath that others who performed the same work that he did were treated the same way he was treated including not being paid overtime, lays out a common scheme or plan of compensation, and identifies specific employees who were treated in that manner. Dkt. No. 20-3

7

¶¶ 2–4, 6–7; *see also Martinenko*, 2022 WL 1227140, at *4 (certifying collective action based on affidavit by single plaintiff); *Khalil v. Original Homestead Rest., Inc.*, 2007 WL 7142139, at *1 (S.D.N.Y. Aug. 9, 2007) (conditionally certifying collective based on affidavit submitted by plaintiff). The allegations are not wholly conclusory. By identifying names and positions, Plaintiff makes a factual submission that the Court can test and Defendants can "attempt to refute." *Huer Huang,* 2020 WL 5849099, at *9. He also submits pay records that indicate that, in some circumstances, other employees—employees who Plaintiff declares performed the same work as he did—worked over forty hours per week. *See, e.g.*, Dkt. No. 20-2 at ECF p. 5 (showing "Ruice" worked forty-three hours during multiple weeks); *id.* at ECF p. 6 (showing "Jimmy" worked forty-nine hours and "Choi" worked at least fifty-one hours during one week); *id.* at ECF p. 7 (showing "Jimmy" worked forty-nine hours and "Choi" worked fifty-nine hours during one week).

At the same time, however, there is force to Defendants' argument that the collective is overly broad. Plaintiff appears to seek certification a collective comprised of all non-exempt business maintenance employees at any of Defendants' locations. *See* Dkt, Nos. 20, 20-1.[2] Plaintiff's proposed notice is directed to "former or current non-exempt building maintenance employee[s] employed by MADISON AVENUE REALTIES, LLC at any time between January 15, 2016, and the present." Dkt No. 20-1 at 1. Courts have conditionally certified FLSA collectives comprised of employees who work at different locations when "'the plaintiffs demonstrate that they were all subject to the same allegedly unlawful policy or practice.'" *Huer*

---

[2] Although Plaintiff states that he seeks conditional certification of the FLSA claims "on behalf of all non-exempt building maintenance employees, of MADISON AVENUE REALTIES, LLC located at 240 Madison Avenue, New York NY," Dkt. No. 20 at 1, the notice contemplates a class that is broader than this definition.

8

*Huang*, 2020 WL 5849099, at *6 (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013)).  And courts have certified FLSA collectives compromised of employees who performed different jobs "where 'the fundamental allegation . . . is common to all the . . . plaintiffs and dominates each of their claims.'" *Martinenko*, 2022 WL 1227140, at *5 (quoting *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)).  "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs . . . [a]s long as they were all similarly situated with *respect to being subject to the same policy* of being denied overtime compensation, and there exists a factual nexus among the plaintiffs." *Cano v. Four M Food Corp.*, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (Bianco, J.) (granting conditional certification where affidavits showed "an identifiable factual nexus linking the named plaintiffs with putative collecti[ve] action members").

Plaintiff refers to himself as a "building maintenance worker" in his declaration. Defendants assert in their opposition to the motion for conditional certification and Plaintiff has offered no evidence to refute that his particular position as a building maintenance worker was as a building superintendent at Defendant's location at 240 Madison Avenue.  Dkt. No. 25. Plaintiff's declaration refers to persons who were subject to Defendants' allegedly unlawful pay policies as "building maintenance workers" and state that they "performed the same type of work that I did."  *See* Dkt. No. 20-3 ¶ 2.  Defendants argue that the collective should be limited to those who actually worked at the 240 Madison Avenue and in the capacity as building superintendent.   The argument for the first limitation is well-taken.  Plaintiff presents no evidence that the overtime compensation policies he challenges affected persons other than building maintenance workers who worked at 240 Madison Avenue.  The second argument is

9

less well-taken at least at this first stage and when a motion for decertification remains available for Defendants. There is support for the notion that all building maintenance workers at the 240 Madison Avenue were "similarly situated *with respect to being subject to the same policy* of being denied overtime compensation." *Cano*, 2009 WL 5710143, at *7; *see also* Dkt. No. 20-2 (pay records showing that other individuals named in declaration as building maintenance workers also worked over forty hours per week). Accordingly, the FLSA collective will be limited to current and former building maintenance workers who were employed by Madison Avenue Realties and who were assigned to work at the 240 Madison Avenue location.

Plaintiff's proposed time period is too long. Plaintiff proposes that notice be sent to any persons who worked for Madison Avenue Realities in the six-year period from the filing date of the Complaint. Dkt. No. 20 at 1. Defendants argue that the period should be limited to two years. Dkt. No. 25 at 8. The FLSA statute of limitations is two years for non-willful violations and three years for willful violations. 29 U.S.C. § 255(a). Courts uniformly apply the three-year time period for notice in the interests of reaching all similarly situated employees and on the theory that whether a violation is willful involves the merits and should not dictate who receives notice, *see Vaicaitiene v. Partners in Care, Inc.*, 2005 WL 1593053, at *7 (S.D.N.Y. July 6, 2005), but they differ on the date from which the three years should be measured. Some date it from the order conditionally certifying the action, *see id.*; *Romero v. Flaum Appetizing Corp.*, 2009 WL 2591608, at *5 (S.D.N.Y. Aug. 17, 2009), while others date it from the filing of the action, *see Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 323 (S.D.N.Y. 2007); *Marcial v. New Hudson Fam. Rest. Inc.*, 2019 WL 1900336, at *8 & n.14 (S.D.N.Y. Apr. 29, 2019) (directing that notice be provided to potential collective action members working for defendants during the three years prior to the date of the filing of the action); *Mongiove*, 2016

WL 590460, at *6 (holding that notice should be sent to persons employed within three years of the date of the filing of the complaint because the timeliness of each plaintiff's action should be determined in a future proceeding); *Martinez v. JVA Indus. Inc.*, 2021 WL 1263133, at *5 (S.D.N.Y. Apr. 6, 2021) (same); *Ruiz*, 2021 WL 568249, at *6 (same).  Neither is precise.  Under the FLSA, an action is deemed commenced only when a complaint is filed in the name of the plaintiff or, in the absence of a complaint, on the date when written consent is filed.  29 U.S.C. § 256.  In an abundance of caution, the Court authorizes notice to be keyed to the three-year period prior to the filing of the Complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date and that the three-year period is without prejudice to defendants' challenging particular opt-in parties in a motion for decertification.  *See Guan v. Long Island Business Inst., Inc.*, 2016 WL 4257549, at *5 (E.D.N.Y. Aug. 11, 2016) (adopting this process).

The Court will allow discovery of the names, mailing addresses, email addresses, telephone numbers, and dates of employment of the members of the putative class. *See Ruiz*, 2021 WL 568249, at *6; *Huer Huang,* 2020 WL 5849099, at *14; *Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 663 (S.D.N.Y. 2017); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016).  "At this stage, however, Plaintiff has not made a sufficient showing to obtain social security numbers."  *Ruiz*, 2021 WL 568249, at *7 (citing *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 448 (S.D.N.Y. 2011)).

Plaintiff's application for an order equitably tolling the time for a putative member of the FLSA collective to file a consent or to join this action is denied.  "[T]he language of FLSA and the Supreme Court's holdings do not allow for a rule of equitable tolling similar to *American Pipe* [*& Constr. Co. v. Utah*, 414 U.S. 538 (1974)] whereby the statute stops running merely

upon the filing of a FLSA claim or a motion for conditional certification." *Huer Huang,* 2020 WL 5849099, at *14.  Instead, any such application must be based upon "individualized facts showing that a plaintiff whose claims accrued prior to the statute of limitations has been diligent in pursuing those claims." *Id.*

The parties are ordered to meet and confer with respect to the form of the notice.  "'The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide "accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate."'"  *Knox*, 282 F. Supp. 3d at 663–64 (alteration in original) (quoting *Whitehorn*, 767 F.Supp.2d at 450).  "[P]roposed notices that are '"unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading" should be rejected.'"  *Id.* (quoting *Whitehorn*, 767 F. Supp. 2d at 450).  "In determining the particulars of the notice, courts [are] 'guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants.'" *Elmajdoub v. MDO Dev. Corp.*, 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013) (quoting *Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012)).  At the same time, "'the notice process for case management purposes is distinguishable in form and function from the solicitation of claims' and 'courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.'"  *Mikityuk v. Cision US Inc.*, 2021 WL 1750370, at *7 (S.D.N.Y. May 4, 2021) (quoting *Hoffman-La Roche Inc.*, 493 U.S. at 174).

The FLSA 216(b) notice and consent to join apply only with respect to the FLSA claims and not with respect to the NYLL claims.  See *Martinenko*, 2022 WL 1227140, at *9; *Cheng v.*

*Via Quadronno LLC*, 2022 WL 1210839, at *3 (S.D.N.Y. Apr. 25, 2022).  Accordingly, while it is not objectionable for the notice to refer to the fact that the Complaint contains both FLSA and NYLL claims, it should make clear that the consent to join will only make an employee a claimant with respect to the FLSA claims and not with respect to the NYLL claims.  It should not provide gratuitous advice on the statute of limitations for NYLL claims.  Defendants' request that the notice state that prospective opt-in plaintiffs could be liable for Defendants' costs if Defendants prevail is rejected.  Although it is appropriate to put opt-in plaintiffs on notice that they *may* be called upon to testify, appear for depositions or respond to discovery requests, language that they could be held liable for costs to Defendants is "unnecessary and potentially confusing" and could have an "'in terrorem effect.'"  *Sexton v. Franklin First Fin., Ltd.*, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009) (Bianco, J.) (quoting *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007)).[3]

Notice shall be distributed by U.S. mail and by email.  *Cision*, 2021 WL 1750370, at *9.  The court also approves the posting of notices on common employee spaces.  *Whitehorn*, 767 F. Supp. 2d at 449.  The consent forms may be returned directly to Plaintiff's counsel, but counsel is ordered to file the consent forms on the ECF docket on the day that they are received.  *Martinenko*, 2022 WL 1227140, at *8.

---

[3] Defendants cite *Guan*, 2016 WL 4257549, at *6, for the proposition that the notice should inform opt-in plaintiffs of the risk that they may be liable for costs if defendants prevail.  That case, in turn, cites *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 61 (E.D.N.Y. 2011), but of the three cases that *Moore* cites, two of them—*Sexton*, 2009 WL 1706535, at *12 and *Romero*, 2009 WL 2591608, at *6—expressly reject the proposition that opt-in plaintiffs be informed of the remote risk of potential liability for costs.

13

## CONCLUSION

Plaintiff's motion GRANTED IN PART and DENIED IN PART.

The Clerk of Court is respectfully directed to close Dkt. No. 19.

SO ORDERED.

Dated: July 8, 2022
      New York, New York

                                            LEWIS J. LIMAN
                                  United States District Judge